UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

KEITH G. TAYLOR, JR.,           )
                                )
                 Petitioner,    )
                                )
v.                              )   Case No. 16-CV-0170-CVE-PJC
                                )
SCOTT CROW, Interim Director,[1] )
                                )
                 Respondent.    )

## OPINION AND ORDER

Now before the Court is petitioner's 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1). For the reasons below, the petition will be denied.

### I.

This cases arises from petitioner's rape convictions. In 2014, his stepdaughter, A.H., told her mental health provider that she engaged in intercourse with petitioner. See Dkt. # 7-2 at 1. A.H. was eighteen at the time, but the record reflects she is "mentally disabled and has the mental capacity of a ten to twelve year old girl." Id. The state charged petitioner with five counts of first degree rape of a victim mentally incapable of giving consent (OKLA. STAT. tit. 21, § 1115). See Dkt. # 7-1 at 1-3. Alex Braumlett was appointed as defense counsel. See Dkt. # 1 at 12.

On December 12, 2014, petitioner entered a negotiated plea. See Dkt. # 7-3. He agreed to plead guilty in exchange for a sentence of 15 years on each count, to run concurrently. Id. at 3. The state court accepted the plea and sentenced petitioner accordingly. See Dkt. # 7-4. On December

---

[1]   Petitioner is currently incarcerated at the Lawton Correctional Center, a private prison. The Clerk of Court is therefore directed to substitute Scott Crow, Interim Director of the Oklahoma Department of Corrections, in place of Jason Bryant as party respondent. See Habeas Corpus Rule 2(a).

29, 2014, petitioner filed a letter in the state court indicating that he wished to withdraw his plea. See Dkt. # 7-5. It does not appear that the state court construed the letter as a motion or issued any ruling. Petitioner filed an application for post-conviction relief the following year. See Dkt. # 7-6 at 1. He requested permission to file an appeal out of time. Id. The state court denied the motion, finding that counsel rendered effective assistance and that petitioner's ignorance of the law did not justify his failure to comply with procedural rules. See Dkt. # 7-8. The Oklahoma Court of Criminal Appeals (OCCA) affirmed. See Dkt. # 7-13.

Petitioner filed the federal § 2254 petition (Dkt. # 1) on March 31, 2016. He raises three propositions of error:

(Ground 1): Petitioner was not competent enough to understand his appeal rights;

(Ground 2): The plea was involuntary;

(Ground 3): Ineffective assistance of plea counsel.

See Dkt. # 1 at 6, 12, and 17. Respondent filed a response (Dkt. # 7), along with copies of the state court record. Respondent concedes, and the Court finds, that petitioner timely filed his federal habeas petition. See Dkt. # 7 at 2; see also 28 U.S.C. §§ 2244(d), 2254(b)(1)(A). However, Respondent argues that Grounds 1 and 2 are procedurally barred, and Ground 3 fails on the merits. Petitioner filed a reply (Dkt. # 11) on June 2, 2016, and the matter is fully briefed.

## II.

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs this Court's review of petitioner's habeas claims. See 28 U.S.C. § 2254. Relief is available under the AEDPA only where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where the OCCA already adjudicated petitioner's claims, this Court

2

may not grant habeas relief unless he demonstrates that the OCCA's ruling: (1) "resulted in a decision that was contrary to . . . clearly established Federal law as determined by Supreme Court of the United States," 28 U.S.C. § 2254(d)(1);[2] (2) "resulted in a decision that . . . involved an unreasonable application of clearly established Federal law," id.; or (3) "resulted in a decision that was based on an unreasonable determination of the facts" in light of the record presented to the state court, id. at § 2254(d)(2).

"To determine whether a particular decision is 'contrary to' then-established law, a federal court must consider whether the decision 'applies a rule that contradicts [such] law' and how the decision 'confronts [the] set of facts' that were before the state court." Cullen v. Pinholster, 563 U.S. 170, 182 (2011) (alterations in original) (quotations omitted). When the state court's decision "identifies the correct governing legal principle in existence at the time, a federal court must assess whether the decision 'unreasonably applies that principle to the facts of the prisoner's case." Id. (quotations omitted). Significantly, an "unreasonable application of" clearly established federal law under § 2254(d)(1) "must be objectively unreasonable, not merely wrong." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (quotations omitted). "[E]ven clear error will not suffice." Id. Likewise, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, 301 (2010). The Court must presume the correctness of the state court's factual

---

[2] As used in § 2254(d)(1), the phrase "clearly established Federal law" means "the governing legal principle or principles" stated in "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Lockyer v. Andrade, 538 U.S. 63, 71–72 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)); see also House v. Hatch, 527 F.3d 1010, 1015 (10th Cir. 2008) (explaining that "Supreme Court holdings—the exclusive touchstone for clearly established federal law—must be construed narrowly and consist only of something akin to on-point holdings").

findings unless petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Essentially, the standards set forth in § 2254 are designed to be "difficult to meet," Harrington v. Richter, 562 U.S. 86, 102 (2011), and require federal habeas courts to give state court decisions the "benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002). A state prisoner ultimately "must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

**A. Grounds 1 and 2: Involuntary Plea**

In Ground 1, petitioner argues that he was incapable of understanding his right to withdraw or appeal the plea. See Dkt. # 1 at 6-9. Ground 2 raises a similar claim; petitioner argues that he did not understand the nature or consequences of his plea. Id. at 12-14. He contends that he signed the plea while suffering from fear, anxiety, depression, post-traumatic stress disorder, and bipolar disorder. Id. at 12-13. Petitioner was allegedly taking a new medication and failed to listen or understand when his counsel explained the plea worksheet. Id. at 16. Respondent maintains that Grounds 1 and 2 are procedurally barred and/or fail to raise a federal claim. The Court will also address the merits of Grounds 1 and 2, to the extent the claims are not barred.[3]

---

3   As a general note, the Attorney General's Office is encouraged to address the merits of a claim unless it is entirely clear that the claim is time-barred or unexhausted. Arguing that petitioner fails to raise a federal issue, for example, often requires a sua sponte analysis of the merits. Most exhausted claims warrant some form of federal habeas review, even if the scope is limited. See Revilla v. Gibson, 283 F.3d 1203, 1212 (10th Cir. 2002).

### i. Procedural Bar

A claim is procedurally barred for purposes of federal habeas review if the state court denied the claim "based on an adequate and independent state procedural rule." Davila v. Davis, 137 S. Ct. 2058, 2064 (2017). A rule "is independent if it is separate and distinct from federal law," and "is adequate if it is 'strictly or regularly followed' and applied 'evenhandedly to all similar claims.'" Duvall v. Reynolds, 139 F.3d 768, 796-97 (10th Cir. 1998) (quoting Hathorn v. Lovorn, 457 U.S. 255, 263 (1982)). "Once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden . . . shifts to the petitioner." Hooks v. Ward, 184 F.3d 1206 (10th Cir. 1999). "[P]etitioner is, at a minimum, required to set forth specific factual allegations as to the inadequacy of the state procedure." Smallwood v. Gibson, 191 F.3d 1257, 1268 (10th Cir. 1999).

Petitioner did not file a motion to withdraw the plea within ten days of the plea, as required by Oklahoma law. See Clayton v. Jones, 700 F.3d 435, 441 (10th Cir. 2012) (citing Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals). The OCCA, therefore, determined that the involuntary-plea claims were barred under OKLA. STAT. tit. 22, § 1086. See Dkt. # 7-13. Section 1086 bars claims not raised on direct appeal unless the petitioner demonstrates a "sufficient reason" for the earlier omission. OKLA. STAT. tit. 22, § 1086. The rule is independent, as it relies purely on state law. See Smallwood v. Gibson, 191 F.3d 1257, 1268 (10th Cir. 1999). The Tenth Circuit has also "repeatedly found that Oklahoma has applied section 1086 consistently to preclude claims on post-conviction review which could have been raised on direct appeal." Hale v. Gibson, 227 F.3d 1298, 1330 n. 15 (10th Cir. 2000) (collecting cases). Accordingly, the Court finds that Grounds 1 and 2 are procedurally defaulted.

The Court also finds that petitioner has not demonstrated "cause for the default and actual prejudice as a result of the alleged violation of federal law" or that a "fundamental miscarriage of justice" will occur in light of the default. Coleman v. Thompson, 501 U.S. 722, 750 (1991). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Factors supporting "cause" include previously unavailable evidence, a change in the law, and interference by state officials. *Id.* The "fundamental miscarriage of justice" exception only applies where petitioner proffers evidence of actual innocence. McCleskey v. Zant, 499 U.S. 467, 494 (1991). Here, petitioner argues he was locked down and sedated for the first six days of his incarceration, and then waited several more days until his cellmate assisted with the letter. See Dkt. # 8 at 3-4. However, petitioner has not established how these difficulties, or any external factor, prevented him from acting sooner. See e.g., O'Donnell v. Davis, 115 Fed. App'x. 869, 871-72 (7th Cir. 2004) (unpublished)[4] (prison lock-down restricting access to legal materials did not "cause" procedural default where inmate was aware of legal grounds for appeal). The Court is, therefore, convinced that Grounds 1 and 2 are procedurally barred.

  ii. Alternative Merits Analysis

To the extent the procedural bar is debatable, the Court will alternatively address the merits of Grounds 1 and 2. To comport with due process, a plea must be knowing, voluntary and intelligent. See Brady v. United States, 397 U.S. 742, 747-78 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969). The defendant must be advised of the plea's "direct consequences," even if he does

---

[4]   The Court cites this decision, and other unpublished decisions herein, as persuasive authority. See FED. R. APP. P. 32.1(a); 10TH CIR. R. 32.1(A).

"not understand every collateral consequence." United States v. Hurlich, 293 F.3d 1223, 1230 (10th Cir. 2002). At a minimum, this includes the nature of the charges, the possible penalties, and the constitutional rights the defendant is waiving by entering a plea. See Brady, 397 U.S. at 756-57 (1970).

In determining whether a plea is knowing and voluntary, habeas courts may consider the petitioner's signed plea worksheet or other written documents relevant to the plea. See Hoffman v. Young, 2001 WL 1217822, at * 2 (10th Cir. 2001) (unpublished) (allowing habeas courts to rely on the plea worksheet in evaluating involuntary plea claims); Cross v. Franklin, 2013 WL 1286636, at *1-2 (10th Cir. 2013) (unpublished) (rejecting involuntary plea claim where the signed plea worksheet listed the proper range of punishment and petitioner indicated he knew the punishment range). Habeas courts cannot depart from the apparent truth of petitioner's statements regarding the plea based on conclusory allegations. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

Having reviewed the record, the Court finds that petitioner understood all material components of the plea. In his plea worksheet, petitioner represented that: (a) he had intercourse with A.H., who was mentally incapable of consenting; (b) he understood the penalties ranged from five years to life, but that he would receive a fifteen-year sentence; (c) his biopolar disorder medication did not affect his ability to understand the proceedings; (d) he understood that he was waiving all rights except to file a motion to withdraw the plea within ten days; and (e) he received adequate advice from counsel and was not coerced in any way.[5] See Dkt. # 7-3 at 1-5.

---

[5] The plea colloquy is not available, as petitioner waived his right to have a court reporter transcribe the proceedings. Id. at 1; see also OKLAHOMA STANDARD FORM 13.10 (allowing such a waiver). The Court acknowledges the best practice is to record each plea hearing. However, the absence of a plea colloquy is not dispositive where, as here, the habeas petition does not sufficiently overcome the representations in the worksheet. See Hoffman v. Young,

Petitioner fails to allege specific, "believable reason[s] justifying departure from the apparent truth" of these earlier statements. U.S. v. Sanchez, 105 F.3d 670 (10th Cir. 1997) (addressing involuntary pleas in the habeas context). Petitioner acknowledges that plea counsel "briefed him on [the] contents" of the plea worksheet, even if that process was "hasty." Dkt. # 8 at 2. There is nothing in the record, aside from a conclusory list of ailments, demonstrating that petitioner was incompetent or otherwise failed to understand the plea based on mental illness. See United States v. Coates, 2012 WL 1995018, at *5 (10th Cir. 2012) (unpublished) (defendant's "conclusory statements regarding the effect of his depression medication—absent any other evidence—are insufficient to permit an inference that his plea was involuntary"). The allegations regarding coercion are similarly defective. Petitioner merely alleges he learned about new charges while in jail, and that counsel advised petitioner to "accept a plea or take your chances with a jury and get life without the possibility of parole." Dkt. 1 at 13. This statement correctly summarizes the options and risks. Petitioner has also not explained how he misunderstood the ten-day withdrawal window, as plea counsel circled and underlined those words in the paragraph directly above petitioner's signature. See Dkt. 7-3 at 7.

Finally, the Court notes that this is not a case where the habeas petitioner claims he inadvertently pled guilty when he was factually innocent. Even today, petitioner concedes that he had sex with his stepdaughter, who was mentally disabled. See Dkt. # 1 at 25. He merely argues he is legally innocent because they were "of equal mental abilities and mental disabilities." Id.

---

23 Fed. App'x 885, 887 (10th Cir. 2001) (unpublished) ("Although a transcript is of great value in determining whether a guilty plea is knowing and voluntary, it is not the exclusive means. In some circumstances, reliance upon other documentary evidence such as the questions and answers to a form may be sufficient to make that determination.").

(emphasis in original). There is nothing in the record to suggest that petitioner, like his stepdaughter, had the mental capacity of a ten to twelve year old child. Having carefully reviewed the record, the Court finds that petitioner understood all material aspects of the plea, including his appeal rights. Habeas relief is unavailable on Grounds 1 and 2.

**B.      Ground 3: Ineffective Assistance of Counsel**

Petitioner also argues that plea counsel rendered ineffective assistance. See Dkt. # 1 at 16. He contends that counsel failed to investigate competency and rushed through the plea worksheet Id. at 16-19. The OCCA rejected petitioner's ineffective-assistance claim based on the principles announced in Padilla v. Kentucky, 559 U.S. 356 (2010), and Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a petitioner must show that his counsel's performance was deficient and that the deficient performance was prejudicial. 466 U.S. at 687. In the plea context, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Padilla also requires that "a decision to reject the plea bargain would have been rational under the circumstances." 559 U.S. at 372. The OCCA concluded that petitioner failed to show plea "counsel's conduct was objectively unreasonable." Dkt. # 7-13 at 3. The OCCA further found that petitioner "has not established that the result of the plea proceeding would have been different, . . . or that a decision to reject his plea bargain would have been rational under the circumstances." Id.

As the OCCA pointed out, the Strickland standard is "highly deferential." 466 U.S. at 689. Coupled with § 2254(d)(1), this Court's review of the OCCA's ruling is "doubly deferential." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009). The Court must defer to the OCCA's findings

9

on error and prejudice, and "to the attorney's decision in how to best represent a client." Byrd v. Workman, 645 F.3d 1159, 1168 (10th Cir. 2011).

Viewing the decision with double deference, the Court agrees that plea counsel rendered effective assistance. Petitioner's allegations regarding mental illness are too conclusory to find that counsel should have investigated competence. It is also not clear that petitioner disclosed his concerns to counsel at the time of the plea; the plea worksheet, which they completed together, indicates that petitioner has bipolar disorder but was taking his medication. See Dkt. # 7-3 at 1. Further, petitioner has not demonstrated that plea counsel could have produced a better outcome in this case. Petitioner received and accepted a plea offer to serve 12.75 years in prison, after consideration of the 85% rule, for five counts of first degree rape. He still concedes all essential elements of the crime, even if he does not subjectively believe that his actions constitute rape. The Court finds, therefore, that the OCCA reasonably applied federal law when it rejected petitioner's claim for ineffective assistance of counsel. Habeas relief is unavailable as to Ground 3, and the petition (Dkt. # 1) must be denied.

## III.

Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must make this showing by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons discussed above, petitioner has not made the requisite showing on any of his claims. The Court, therefore, denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The petition for a writ of habeas corpus (Dkt. # 1) is **denied.**

2. A certificate of appealability is **denied**.

3. A separate judgment will be entered herewith.

**DATED** this 6th day of September, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE